IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

IN RE: PREPARED FOOD PHOTOS,   :
INC., COPYRIGHT LITIGATION    :   Case No. 8:23-MD-03075-MSS-TGW
  :
  :   Honorable Judge Scriven
  :
  :   **This Document Relates to All Cases.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## JOINT INITIAL STATUS REPORT

Pursuant to this Court's Case Management Order No. 1 and Order Setting Initial Status Conference (Doc. 4), the parties jointly file this Proposed Joint Discovery and Case Management Plan under Federal Rule of Civil Procedure 26(f):

1. **The Nature of the Case**

   A. <u>Identify (names and contact information) for all attorneys of record for each party, including the lead trial attorney.</u>

   *For Plaintiff*: Daniel DeSouza, Esq. ***Lead Trial Attorney***, CopyCat Legal PLLC, 3111 N. University Drive, Suite 301, Coral Springs, FL 33065, dan@copycatlegal.com, 877-437-6228.

   *For Plaintiff*: James D'Loughy, Esq., CopyCat Legal PLLC, 3111 N. University Drive, Suite 301, Coral Springs, FL 33065, james@copycatlegal.com, 877-437-6228.

   *For Plaintiff*: Lauren Hausman, Esq., CopyCat Legal PLLC, 3111 N. University Drive, Suite 301, Coral Springs, FL 33065, lauren@copycatlegal.com, 877-437-6228.

22916153 v1

For Defendant – MyPizza Technologies, Inc. *d/b/a* Slice (*n/k/a* Slice Solutions, Inc.) ("Slice")

   **BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
   Matthew Langley (FL97331)
   Mark Avsec (admitted *pro hac vice*)
   Andrew Fiorella (admitted *pro hac vice*)
   Lidia Mowad (admitted *pro hac vice*)
   200 Public Square, Suite 2300
   Cleveland, Ohio 44114-2378
   Telephone: 216-363-4500
   Facsimile: 216-363-4588
   mavsec@beneschlaw.com
   afiorella@beneschlaw.com
   lmowad@beneschlaw.com

For Defendant – Angelo's Pizza of Poughkeepsie, Inc. *d/b/a* Tony's Pizza Pit ("Angelo's")

   **BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
   Mark Avsec (admitted *pro hac vice*)
   Andrew Fiorella (admitted *pro hac vice*)
   Lidia Mowad (admitted *pro hac vice*)
   200 Public Square, Suite 2300
   Cleveland, Ohio 44114-2378
   Telephone: 216-363-4500
   Facsimile: 216-363-4588
   mavsec@beneschlaw.com
   afiorella@beneschlaw.com
   lmowad@beneschlaw.com

For Defendant – N & K Foods, Inc. *d/b/a* Wings, Things & Pizza ("N&K")

   **BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
   Mark Avsec (admitted *pro hac vice*)
   Andrew Fiorella (admitted *pro hac vice*)
   Lidia Mowad (admitted *pro hac vice*)
   200 Public Square, Suite 2300

Cleveland, Ohio 44114-2378
Telephone: 216-363-4500
Facsimile: 216-363-4588
mavsec@beneschlaw.com
afiorella@beneschlaw.com
lmowad@beneschlaw.com

For Defendant – Mola Pizza, Inc. *d/b/a Bella Napoli Pizzeria &*
*Restaurant* ("Mola")
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
Matthew Langley (FL97331)
Mark Avsec (admitted *pro hac vice*)
Andrew Fiorella (admitted *pro hac vice*)
Lidia Mowad (admitted *pro hac vice*)
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
Telephone: 216-363-4500
Facsimile: 216-363-4588
mavsec@beneschlaw.com
afiorella@beneschlaw.com
lmowad@beneschlaw.com

*For Defendant*: Original Big Tomato, LLC ("OBT")
HALL BOOTH SMITH, P.C.
Danielle Dudai (FBN: 84135)
1400 Centrepark Blvd, Suite 400
West Palm Beach, FL 33401
Telephone: 561-472-1020
DDudai@hallboothsmith.com
MahaliaBarnes@hallboothsmith.com

*For Defendant*: Three Brothers of Hyattsville, LLC *d/b/a Three Brothers*
*Italian Restau*rant ("Three Brothers")
McNamee Hosea, P.A.
Brent M. Ahalt
Maryland Federal Bar: 13741
6404 Ivy Lane, Suite 820
Greenbelt, Maryland 20770

bahalt@mhlawyers.com

B.   <u>Briefly describe the nature of the claims asserted in the complaint and any counterclaims and/or third-party claims.</u>

**Joint Response**: Plaintiff asserts claim(s) for copyright infringement with respect to Defendants' alleged unauthorized publication of food photographs on its website and on behalf of one or more restaurants. No counterclaim and/or third-party claims have been filed to date. Defendants assert numerous affirmative defenses, including, without limitation, invalidity and significant damages limitations.

C.   <u>Briefly identify the major legal and factual issues in the case.</u>

**Joint Response:**

*Major factual issues*:
- whether Defendant published the photograph on its website and/or other websites;

- whether the asserted photographs are sufficiently original or independently created;

- whether the asserted photographs are owned by Plaintiff by virtue of incorrect certified statements to the Copyright Office; and

- whether Plaintiff's subscription model represents the fair market value.


*Major legal issues*:
- whether publication of the photograph as alleged in the Complaint constitutes copyright infringement;

- to what extent any of the defendant parties will be responsible for vicarious or contributory copyright infringement;

- whether Plaintiff's copyright registrations are invalid;

- whether Plaintiff's monetary damages recovery and ability to recover costs and fees are limited by various legal doctrines; and

- whether Plaintiff unnecessarily multiplied litigation.

D.    <u>State the relief sought by any of the parties.</u>

**Plaintiff Response**: The Complaints seeks monetary damages and injunctive relief as well as an award of fees/costs (to extent such damages are available).

**Slice/Angelo's/N&K/Mola Response**: Slice/Angelo's/N&K/Mola, in their Answers, seek denial of all of Plaintiff's requested relief, dismissal with prejudice of all Complaints, an award of costs in defending against the Complaints, reasonable attorneys' fees and costs, and any such other and further relief that this Court may deem proper.

**OBT's Response**: In their Answer, OBT seeks denial of all of Plaintiff's requested relief, dismissal with prejudice of all Complaints, an award of costs in defending against the Complaints, reasonable attorneys' fees and costs, and any such other and further relief that this Court may deem proper.

**2.    Jurisdiction: Explain why the Court has subject matter jurisdiction over the plaintiff(s)' claim(s).**

A.    <u>Identify all federal statutes on which federal question jurisdiction is based.</u>

**Plaintiff Response**: 17 U.S.C. § 101 *et seq.* (copyright).

B.    <u>If jurisdiction over any claims is based on diversity or supplemental jurisdiction:</u>

(1) State whether/why the amount in controversy exceeds the jurisdictional threshold or whether there is a dispute regarding the amount in controversy (and, if so, the basis of that dispute).

(2) Identify the state of citizenship of each named party. For unincorporated associations, LLCs, partnerships, and other business entities that are not corporations, the state(s) in which any individual members of the business unit are citizens must be

identified.

**NOTE 1:** Individuals are citizens of the state where they are domiciled; that may or may not be the state where they currently reside. *See Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012).

**NOTE 2:** A supplement to the statement of the basis for federal jurisdiction shall be filed within 14 days of any change in the information provided in the Initial Status Report.

**Plaintiff Response:** Not applicable.

3. **Status of Service: Identify any defendants that have not been served.**

**Plaintiff Response**: Defendants have been served.

4. **Motions:**

A.   <u>Briefly describe any pending motions.</u>

**Joint Response**: There are no pending motions.

5. **Case Plan:**

A.   <u>Submit a proposal for a discovery plan, including the following information:</u>

(1) The general type of discovery needed;

**Joint Response**: The parties would anticipate the need to each serve interrogatories, requests for production, subpoenas, and requests for admission, and to take deposition discovery in accordance with the Federal Rules of Civil Procedure, covering issues raised in the pleadings and otherwise disclosed through discovery.

**Plaintiff Response**:   At this time, Plaintiff does not request any variance from the discovery limitations imposed by Local Rule and/or the Federal Rules of Civil Procedure.  Plaintiff proposes that the parties conduct general discovery, without the need for discovery to be limited in phases.

22916153 v1

**Slice/Angelo's/N&K/Mola Response**:  Slice/Angelo's/N&K/Mola do not believe that any discovery is necessary for the parties to proceed to mediation.  In the event that the Court does not agree, then Slice/Angelo's/N&K/Mola propose that limited discovery be conducted in phases—Plaintiff has previously conceded that only limited information is needed in order for it to meaningfully participate in mediation.   From Slice/Angelo's/N&K/Mola's perspective, this discovery would include issues related to invalidity of the asserted copyright registrations and the proposed fair market value or actual damages incurred by Plaintiff.  Further, Plaintiff has already taken duplicative discovery in two cases, and Plaintiff's discovery left to be taken is common to all of the cases. Slice/Angelo's/N&K/Mola ask that this Court consider what discovery has already been taken to impose limitations on the remaining discovery to be taken.

**OBT's Response**:  OBT agrees the discovery should occur in phases, however, OBT requires discovery from Slice in order to properly prepare additional defenses and for any mediation with Plaintiff.

(2) A date for Rule 26(a)(1) disclosures (if any have not already occurred);

**Joint Response**: July 10, 2023

(3) A fact discovery completion date;

**Joint Response**: March 29, 2024

(4) An expert discovery completion date, including dates for the delivery of expert reports; and

**Joint Response**:
Initial Expert Reports: May 31, 2024
Rebuttal Expert Reports: June 28, 2024
Expert Discovery Completion: August 30, 2024

(5) A date for the filing of dispositive motions.

**Joint Response**: September 30, 2024

     B.     <u>With respect to trial, indicate the following:</u>

     (1) Whether a jury trial is requested; and

**Joint Response**: A jury trial is requested in both the Complaints and the Answers.

     (2) The probable length of trial.

**Joint Response**: 2 – 4 days

**6.**     **Status of Settlement Discussions:**

     A.     Indicate whether any settlement discussions have occurred;

**Plaintiff and Slice/Angelo's/N&K/Mola's Response**: Some settlement discussions occurred pre-consolidation.  No further settlement discussions have occurred.

**OBT Response**: Some settlement discussions have occurred prior to this status report.

     B.     Describe the status of any settlement discussions; and

**Joint Response**: Settlement discussions are not ongoing.  The parties were not able to resolve the matter pre-consolidation.

**Plaintiff Response**: It appears that some measure of discovery will be required prior to the parties re-engaging in settlement discussions.

**Slice/Angelo's/N&K/Mola's Response:** These matters should be settled without the need for further discovery.  The parties have already contributed significant resources and time to what are straightforward issues.  The parties should be ordered to mediation and all further progress stayed.

**OBT Response**: OBT continues to engage Plaintiff in settlement discussions.

22916153 v1

C.    Whether the parties request a settlement conference.

**Plaintiff and OBT Response**: Plaintiff believes that a settlement conference in the next 4 – 5 months may be helpful as the parties will have had an opportunity to engage in discovery by then.

**Slice/Angelo's/N&K/Mola's/Three Brothers Response:** These matters should be settled without the need for further discovery.  The parties have already contributed significant resources and time to what are straightforward issues.  The parties should be ordered to mediation and all further progress stayed.

Dated:  June 22, 2023

Respectfully submitted,

Matthew J. Langley (FL97331)
BENESCH, FRIEDLANDER,
  COPLAN & ARONOFF LLP
71 S. Wacker Dr. Ste 1600
Chicago, IL 60606-4637
Telephone: 312-624-6408

*- and -*

Mark Avsec (Admitted *pro hac vice*)
Andrew G. Fiorella (Admitted *pro hac vice*)
Lidia C. Mowad (Admitted *pro hac vice*)
**BENESCH, FRIEDLANDER,
        COPLAN & ARONOFF LLP**
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
Telephone:  216-363-4500
Facsimile:   216-363-4588
mavsec@beneschlaw.com
afiorella@beneschlaw.com
lmowad@beneschlaw.com

*Counsel for Defendants MyPizza Technologies,
Inc. d/b/a Slice, Angelo's Pizza of Poughkeepsie,
Inc. d/b/a Tony's Pizza Pit, N&K Foods, Inc.,
d/b/a Wings Things & Pizza, and Mola Pizza,
Inc. d/b/a Bella Napoli Pizzeria & Restaurant*

*- and -*

*/s/ Daniel DeSouza*
Daniel DeSouza, Esq. (FL 19291)
Copycat Legal PLLC
3111 N. University Drive, Suite 301
Coral Springs, FL 33065

22916153 v1

Telephone (877) 437-6228
dan@copycatlegal.com
james@copycatlegal.com
lauren@copycatlegal.com
*Counsel for Plaintiff Prepared Food Photos, Inc.*
*f/k/a Adlife Marketing & Communications Co.,*
*Inc.*

*- and –*

/s/ Danielle Dudai
Danielle Dudai
HALL BOOTH SMITH P.C.
1400 Centrepark Blvd., Suite 400
West Palm Beach, FL 33401
Tel: 561-472-1020
DDudai@hallboothsmith.com
MahaliaBarnes@hallboothsmith.com
*Counsel for Defendant Original Big Tomato,*
*LLC*

*- and –*

/s/ Brent M. Ahalt
Maryland Federal Bar: 13741
McNamee, Hosea, Jernigan, Kim, Greenan
& Lynch, PA
6411 Ivy Lane Ste 200
Greenbelt, MD 20770
Telephone: (301) 441-2420
bahalt@mhlawyers.com
*Counsel for Defendant Three Brothers of*
*Hyattsville, LLC d/b/a Three Brothers Italian*
*Restaurant Counsel*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 22, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

/s/ Daniel DeSouza
Daniel DeSouza, Esq.